MOSES WATKINS, in ERROR, *v.* S. J. KITTRELL.

PLEADING AND PRACTICE, *Magistrates warrants. Liberality in construction of.* While great liberality of construction should be allowed to sustain the regularity of magistrates proceedings; yet the plaintiff can not be permitted to obtain his warrant, specifying with distinctness one transaction as the base of his suit, and upon the trial prove and rely upon a wholly separate and distinct cause of action.

Cases cited: Bodenhamer *v.* Bodenhamer, 6 Hum., 264; Large *v.* Dennis, 5 Sneed, 595.

Code cited: §§4157, 4176–7 and 2909.

---

FROM WILSON.

---

Appeal from the Circuit Court.    W. H. WILLIAMSON, Judge.

CANTRELL & SANDERS for Watkins.

JORDAN and JAMES F. STOKES for Kittrell.

McFARLAND, J., delivered the opinion of the Court.

Kittrell commenced this suit against Watkins before a Justice of the Peace.    The warrant states the cause of action to be "a plea of debt due on a constable's receipt for a sum under five hundred dollars."    A receipt was filed with the Justice, signed "M. Watkins," dated 27th of September, 1860, showing that Watkins had received of Kittrell one hundred dollars and forty-nine cents, in part payment of an execution in favor of Wm. Tomlinson against Kittrell.    The defendant

filed a special plea of *non est factum*, averring that after he executed the receipt it had been altered and erased in a material respect without his knowledge or assent.  The ground of the plaintiffs action was that Watkins had failed to pay over the money thus collected to the party entitled, and the plaintiff was afterwards compelled to pay the same debt again, and on this ground he claimed the right to recover from Watkins the amount thus paid him.  We understand the alleged alteration of the receipt was in regard to the particular debt upon which the money was paid. Upon this plea of *non est factum* the contest seems to have been very spirited and earnest, much testimony was heard and many questions of law made before the Judge below.  Upon the trial in the Circuit Court the plaintiff introduced in evidence another receipt, executed by Watkins on the 18th February, 1862, acknowledging to have received $250 from M. B. Kittrell to pay two judgments, one on J. H. Swanner and one on S. J. Kittrell.  It was maintained by the plaintiff that part of this sum was paid to Watkins by M. B. Kittrell, out of means furnished by the plaintiff, for the purpose of paying his debts, and this part of the $250 was to be applied by Watkins to the same Tomlinson debt, as it is called, but really a debt due the estate of W. D. Smith, deceased; but Watkins failed also to pay over this sum.  Under the charge of the Judge below the plaintiff recovered a verdict for $225 69, for which judgment was rendered, a new trial being refused.  It is clear that the plaintiff re-

covered on account of the money paid to Watkins by
the plaintiff, as evidenced by the first receipt, and for
part of the money, or Confederate money, paid to M.
B. Kittrell, as evidenced by the second receipt. . It is
not claimed that the plaintiff was entitled to the benefit
of all the money, or Confederate money, paid by M.
B. Kittrell. It is difficult to account for the amount
of the verdict upon any theory supported by the proof.
The question which we regard as of importance, raised
by the record, is whether or not the plaintiff should
have been allowed, in this action, to recover upon
both the grounds shown in the proof. We agree that
the utmost liberality of construction should be allowed
to sustain the regularity of magistrates proceedings.
The form of the action stated in the warrant is not
essential. A plea of debt would embrace an action
on account, or upon a contract of any character—
*Bodenhamer* v. *Bodenhamer*, 6 Hum.; see, also, *Large* v.
*Dennis*, 5 Sneed, 595—and every intendment is to be made
in favor of these proceedings, and this Court cannot
dismiss for want of informality, but must try the case
upon the merits. Code, §§4176–7. But because this
liberality is allowed, shall the plaintiff be permitted to
obtain his warrant, specifying with distinctness one
transaction as the base of his action, and upon the
trial prove and rely upon as many other wholly separate
and distinct causes of action as he may choose. The
warrant in the present case specifies clearly the ground
of the action, "debt due by a constable's receipt," and
in accordance with §4157 of the Code, the receipt, as

evidence of the debt, was filed. A special plea of
*non est factum* was filed, alleging the alteration of the
receipt, and thus was presented the main question to
be tried.

We do not say whether a receipt of this character
is or is not "such an instrument in writing the foun-
dation of the suit," in the meaning of §2909 of the
Code, as that it can only be denied by a plea of *non
est factum.* The receipt does not of itself make out
the plaintiff's case, it is only a part of his case, a
link in the evidence. But the parties choose to adopt
this course, and there can be no objection to it, even
if the defendant was not required to file the plea.
But the warrant having specified a constable's receipt
as the ground of the action, and under the Statute
filed the receipt, this clearly gave notice to the defen-
dant what the cause of action was, what transaction
was to be contested, and gave notice, correctly and
truly, of a real cause of action in the opinion of the
Court below, for it appears that the plaintiff recovered
in respect of this cause of action; but upon the trial
the plaintiff also introduced evidence of a wholly dif-
ferent transaction, occurring more than a year after-
wards, having no direct connection with the first, and
in which another party and other questions are involved,
and by the directions given in the charge, the jury
gave a verdict for both sums, or at least for part of
both sums.

If the plaintiff might thus go into proof of this
last transaction, he might as well have introduced

proof of a dozen different causes of action, and thus, without any notice to the defendant, take his chances of recovering upon any or all of them, at least to the extent of the magistrate's jurisdiction. This, we think, would, in substance, be to recover, without any warrant at all, as to those causes not in any way referred to in the warrant, and we think it can not be done.

For this the judgment is reversed.